FILED

08/23/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0772

DA 15-0772

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2016 MT 210N

IN RE THE PARENTING PLAN OF:
J.B.,

PENELOPE OTERI,

      Petitioner and Appellant,

  v.

RUSSELL BARBER,

      Respondent and Appellee.

APPEAL FROM:     District Court of the Fourth Judicial District,
                   In and For the County of Missoula, Cause No. DR-12-647
                   Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Penelope Oteri, Self-Represented, Conrad, Montana

        For Appellee:

                Russell Barber, Self-Represented, Clovis, California

Submitted on Briefs:  July 13, 2016

Decided:  August 23, 2016

Filed:

                                      Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Penelope Oteri appeals from an order issued by the Fourth Judicial District Court, Missoula County, denying her motion to amend the court's August 17, 2015 findings of fact, conclusions of law, and child support order. We affirm.

¶3 Penelope Oteri (Mother) and Russell Barber (Father) were married on January 21, 2006, in Reno, Nevada, and divorced shortly afterwards. The parties have one minor child, J.B.

¶4 Over the course of the last decade, the parties have been involved in a lengthy, litigious, and continuous custody and visitation dispute over J.B. Initially, the parties litigated their disputes in Nevada state courts. On August 29, 2012, a Nevada district court entered a parenting plan (Nevada Parenting Plan), which granted Mother physical custody, permitted Mother to move to Montana, and allowed Father visitation.

¶5 However, after Mother moved to Montana in September 2012, the parties began litigating over J.B. in this State. Since that time, they have filed a plethora of motions in the Fourth Judicial District Court, Missoula County. The District Court has attempted to deal with the motions as they are filed. Relevant to this appeal, Mother filed her third motion to amend (Motion to Amend) the Nevada Parenting Plan with the District Court

2

on May 12, 2014. On August 17, 2015, after several more motions from both parties and several subsequent orders from the District Court, the court entered the order that is now in dispute. The court's August 17 order held Mother in contempt for refusing to allow J.B. to use skype communication to contact Father, allowed Father to seek a second opinion regarding the child's medical condition, and ordered the parties to agree upon a joint treatment and school strategy for the child. The August 17 order did not address the Motion to Amend.

¶6 On appeal, Mother argues the District Court erred by not amending the parenting plan in its order. To support her argument, Mother contends that the court's factual findings regarding the martial settlement and child support are clearly erroneous. After reviewing the court's August 17 order, we believe that the Motion to Amend was outside the scope of the court's order and thus the District Court's ultimate ruling on the Motion to Amend is still outstanding. We read the August 17 order to dispose of only those issues that it expressly addressed in its conclusions of law, i.e., holding Mother in contempt; allowing Father to seek a second opinion; and requiring the parties to agree upon a joint treatment and school strategy. Mother does not appeal these holdings. Further, the District Court's factual findings regarding the martial settlement and child support, which Mother argues are clearly erroneous, are unrelated to the issues disposed of in the court's order. Thus, we do not address whether the court's factual findings regarding those issues are clearly erroneous. Because Mother does not appeal any of the holdings that the District Court issued, we conclude that the District Court did not err.

¶7 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law.

¶8 Affirmed.

/S/ LAURIE McKINNON

We Concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ JIM RICE